Arthur Leroy HORTON, Appellant,

v.

Joseph R. BLALOCK, M.D., Superintendent, Southwestern State Hospital, Marion, Virginia, Appellee.

No. 8114.

United States Court of Appeals Fourth Circuit.

Argued Sept. 29, 1960.

Decided Oct. 4, 1960.

---

Charles W. Laughlin (Court-assigned counsel), Richmond, Va. for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia (A. S. Harrison, Jr., Atty. Gen., of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

By this habeas corpus proceeding the appellant seeks his release from Virginia's Southwestern State Hospital, where he has been confined since 1945. At the time of his original commitment he was charged with attempted murder, for which offense he has not been tried because of the determination of insanity.

In 1953, he filed a petition in the Circuit Court of Smyth County, Virginia, in which he alleged he was then sane and by which he sought his release. After a hearing, this petition was denied. Subsequently, on June 18, 1954, an original petition for a writ of habeas corpus filed in the Supreme Court of Appeals of Virginia was denied. On November 8, 1954, the United States Supreme Court denied a petition for a writ of certiorari to the Supreme Court of Appeals of Virginia.

In 1958, Horton filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Virginia, upon which a full hearing was held before Judge Barksdale. At this hearing, Horton was present in person and was represented by competent counsel. Thereafter an order was entered in which Judge Barksdale found that Horton was then insane and was properly confined in the Southwestern State Hospital. Horton then sought to file a petition for a writ of habeas corpus in the Supreme Court of the United States. His motion was treated as a petition for a writ of certiorari and was denied. Horton v. Blalock, 361 U.S. 879, 80 S.Ct. 165, 4 L.Ed.2d 117.

On November 28, 1959, Horton filed a new petition in the United States District Court for the Western District of Virginia again alleging that he was then sane and seeking his discharge. This petition was denied on the ground that it presented the same question which had been fully considered and determined by Judge Barksdale the preceding year. Obviously, if there was no change in Horton's condition in the interim between the hearing before Judge Barksdale in 1958 and the filing of the new petition in 1959, the District Judge was not required to hold a new hearing unless he thought that a new hearing would serve the ends of justice.[1]

If we treat the allegation of present sanity as alleging, in effect, a change of condition and the question of sanity in 1959 as new and different from

1. 28 U.S.C.A. § 2244.

the question of sanity in 1958, Horton is met with the fatal objection that he has not presented this new question to the state courts. If this be a new question, it must be presented to the state courts, under whose authority this inmate of the state institution is held, before he can invoke the processes of the federal courts. It is a state question for state determination. The present proceeding in the federal courts must be dismissed, though it may present a new question, for, with respect to that question, available state remedies[2] have not been exhausted.

The appeal will be dismissed for want of a certificate of probable cause.

Appeal dismissed.

---

2. Code of Virginia, 1950, § 37–122 et seq. These sections specifically give to persons held in custody as mentally ill the right to test the legality of the detention by a writ of habeas corpus.